IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01382-LTB-MEH

RONALD SIMPSON and
KELLY THOMAS, for himself and as parent and next friend of TYLER THOMAS,

    Plaintiffs,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA and
ASSURANT SOLUTIONS, d/b/a ASSURANT CLAIMS,

    Defendants.

## ORDER ON PENDING MOTIONS

Pending before the Court are Plaintiffs' Motion for Leave to File Amended Complaint (Docket #21) and Defendants' Motion to Strike Plaintiffs' Reply Concerning Their Motion for Leave to File Amended Complaint (Docket #61). The Motions have been referred to this Court and are ready for adjudication.

Plaintiffs seek to amend the Complaint to name Assurant, Inc. as the Defendant in the place of the current denominated Defendant "Assurant Solutions, d/b/a Assurant Claims." Defendants' primary opposition is that Assurant, Inc. is an improper defendant and would not be subject to personal jurisdiction in Colorado, thus making the Motion to Amend fall within the category of "futile" amendments which this Court should deny. The Court believes the Defendants have potentially meritorious arguments for a motion to dismiss. However, the Court does not believe that, on the record currently before the Court, the arguments Defendants have provided should lead the Court to the inescapable conclusion that personal jurisdiction is so clearly lacking that, even without full briefing on the issue, the proposed amendment adding Assurant, Inc. should be denied. Given

the established case law governing motions to amend (particularly this type of motion which attempts to define the proper defendant so early in this litigation), and the fact that, as a general matter, lack of personal jurisdiction should be raised in a self-standing Rule 12(b) motion, the Court will grant the Motion to Amend.

In their Reply in support of the Motion to Amend, Plaintiffs included information gleaned from a privileged e-mail that Defendants' counsel inadvertently produced to Plaintiffs' counsel. Without making a definitive ruling on Defendants' allegations concerning ethical violations made by Plaintiffs' counsel in his use of this e-mail and the information contained therein, and accepting at face value Plaintiffs' counsel's statement that he *did not in fact* believe it was a disclosure of a privileged document, it is at least debatable whether an attorney reasonably should have known that the communication was privileged. Therefore, the Court will grant Defendants' Motion to Strike to the extent that the Reply references the information in question. The Motion to Strike is denied in all other respects.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint [filed August 17, 2007; doc #21] is **granted**. The Clerk of the Court is directed to file the document found at doc #21-8. Defendants shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a).

Defendants' Motion to Strike Plaintiffs' Reply Concerning Their Motion for Leave to File Amended Complaint (Docket #61) is **granted in part and denied in part** as set forth in this Order.

Dated at Denver, Colorado, this 7th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge